# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

RENEE VAN ALST,

                Plaintiff,

v.

MISSOURI CVS PHARMACY, L.L.C.
D/B/A CVS PHARMACY # 16731 and
SHELLY BRITTON,

                Defendants.

Case No. 4:20-cv-00155-NKL

## ORDER

Plaintiff Renee Van Alst moves to remand this proceeding to the state court from which it was removed by defendant Missouri CVS Pharmacy, L.L.C. ("CVS"). For the reasons discussed below, the motion to remand is GRANTED.

## I. BACKGROUND

Van Alst commenced this action in state court, asserting claims for discrimination and retaliation under the Missouri Human Rights Act ("MHRA") and violation of the Missouri "service letter" law against her former employer, CVS. Doc. 1-1 (Petition), ¶¶ 27-45, 53-59. Van Alst also asserts a claim for trespass to chattels against one of her former supervisors at CVS, Shelly Britton. *Id.* ¶¶ 46-52. Van Alst alleges that, without Van Alst's consent, Britton caused the personal belongings that Van Alst kept while she worked at CVS to be destroyed. *Id.* ¶¶ 47-49. Britton's conduct allegedly was performed "outside and beyond the scope of her employment with CVS." *Id.* ¶ 50.

CVS removed the proceeding to federal court on diversity grounds before Britton was served with process. Doc. 1. Van Alst and Britton are both citizens of Missouri. Thus, Van Alst's

claim against Britton ordinarily would destroy diversity for federal jurisdictional purposes. However, CVS contended in the notice of removal (Doc. 1) that Van Alst's claim against Britton is preempted by the MHRA and, therefore, that Britton was fraudulently joined and Van Alst's claim against her does not destroy diversity.

**II.     STANDARD**

A defendant in a state court action may, under certain conditions, remove to federal district court a case over which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). A federal district court has diversity jurisdiction if (i) the amount in controversy exceeds $75,000, and (ii) the plaintiffs' state of citizenship is different from the state of citizenship of each of the defendants. *See* 28 U.S.C. § 1332(a). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The Court must remand a case over which it lacks subject matter jurisdiction. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

On the other hand, if a non-diverse defendant was joined solely to prevent removal of a case from state court, the joinder is fraudulent and will not destroy the court's subject matter jurisdiction. *See id.* ("Courts have long recognized fraudulent joinder as an exception to the complete diversity rule. Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal.") (citations omitted). If a plaintiff has a "colorable" claim against a non-diverse defendant, "that is, if the state law *might* impose liability on the resident defendant under the facts alleged," joinder is not fraudulent. *Filla v. Norfolk Southern. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).

2

Case 4:20-cv-00155-NKL    Document 36    Filed 05/11/20    Page 2 of 6

The party that removed the case bears the burden of establishing that the Court has subject matter jurisdiction. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015). Any doubt concerning whether the Court has jurisdiction "must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

### III. DISCUSSION

The question before the Court is whether Britton's joinder was fraudulent—that is, whether Van Alst's claim against Britton is not colorable. If the Court finds that Van Alst's claim against Britton is not colorable, then diversity would exist between Van Alst and CVS, and the Court would have subject matter jurisdiction over this proceeding. If the Court finds that Van Alst's claim is colorable, the Court will be required to remand the case to state court for want of subject matter jurisdiction.

CVS's sole argument in favor of fraudulent removal is that the MHRA preempts the tort claim against Britton.[1] The MHRA provides that it and two other specified statutes "provide the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat. § 213.070.2. In other words, in Missouri, damages arising from an "employment relationship" cannot be redressed except through the specified statutes.

Whether the MHRA's exclusive-remedy provision applies to the claim against Britton for trespass to chattels turns on whether Van Alst's alleged "claim[] for injury or damages" arises from an "employment relationship." Mo. Rev. Stat. § 213.070.2. Van Alst alleges that, without

---

[1] CVS concedes in its opposition to the motion to remand that it is not challenging the factual sufficiency of Van Alst's tort claim against Britton. *See* Doc. 21, p. 8 (arguing that "Plaintiff's Petition fails to state a claim of trespass to chattels under Rule 12(b)(6) <u>because</u> the claim is preempted by the MHRA, not because Plaintiff's pleading was factually deficient").

Van Alst's consent, Britton caused the personal belongings that Van Alst kept while she worked at CVS to be destroyed. Petition ¶¶ 47-49.

CVS argues that, because Britton was one of Van Alst's supervisors, and Van Alst kept the personal belongings at issue at CVS "while she worked," and "HR" disposed of the belongings (*id.* ¶ 14), the tort claim against Britton arises from Van Alst's employment with CVS. However, on the face of the petition, the Court cannot say as a matter of law that the purported destruction of Van Alst's personal property arose from an employment relationship. The tort claim against Britton is not based on the facts underlying the MHRA claims. *Cf. Winfrey v. Ford Motor Co.*, No. 19-CV-00889-DGK, 2020 WL 1558117, at *2 (W.D. Mo. Apr. 1, 2020) (finding that plaintiff's common law claims were preempted by MHRA where they arose "from the same factual allegations underlying Plaintiff's MHRA claims"); *Hoaglin v. HyVee Inc.*, No. 18-3262-CV-RK, 2019 WL 1928536, at *1 (W.D. Mo. Apr. 30, 2019) (holding that MHRA superseded and displaced tort claim that was based "on the same facts as those that form[ed] the basis of" the MHRA claims); *Huskey v. Petsmart*, Inc., No. 18-0813-CV-NKL, 2019 WL 122873, at *2 (W.D. Mo. Jan. 7, 2019) (finding that claim for civil conspiracy to engage in "unlawful employment practice[s]" with "employer" arose from employment relationship). The petition does not establish that Britton's alleged conduct was undertaken because of or in furtherance of either her or Van Alst's relationship with CVS. Indeed, to the contrary, the petition expressly alleges that Britton's conduct was "outside and beyond the scope of her employment with CVS." *Id.* ¶ 50. This allegation is plausible: the purported destruction of property might have been propelled by motivations--like personal animus or intent to convert—that might place the conduct outside of the employment relationship. In short, the question of whether Britton's allegedly causing the destruction of Van Alst's property arose from an employment relationship raises a factual issue.

4

The existence of the factual issue establishes that Van Alst's claim against Britton is colorable. *See Filla*, 336 F.3d at 811 (holding that, in "determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved . . . , the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor"); *Goade v. Medtronic, Inc.*, No. 13-5123-CV-SW-ODS, 2013 WL 6237853, at *3 (W.D. Mo. Dec. 3, 2013) ("Fraudulent joinder does not apply even though those claims depend on the resolution of certain factual issues and, in some cases, legal issues. Indeed, the very fact that these issues exist counsels against a finding of fraudulent joinder."); *Hayes v. Rad Transp., Inc.*, No. 10-0787-CV-W-ODS, 2010 WL 3807052, at *2 (W.D. Mo. Sept. 23, 2010) (noting that, in determining whether joinder is fraudulent, "[t]he Court is not to resolve factual issues, and the Court should not resolve issues of law").

Because Van Alst's claim against Britton—a fellow Missouri citizen—is colorable, the Court lacks subject matter jurisdiction over this action and remand is required. *See Filla*, 336 F.3d at 811 ("We agree that under Missouri law a reasonable basis exists for predicting that liability might be imposed upon petitioners, and the ultimate success-or failure-of [plaintiff's] claims is best left to the Missouri courts. . . . As it stands, the state defendants' presence destroys complete diversity. Consequently, the district court lacked subject-matter jurisdiction to consider the claim, and remand to the state court was proper.").

## IV. CONCLUSION

For the reasons discussed above, Van Alst's motion to remand is GRANTED. The proceeding is REMANDED to the Circuit Court of Jackson County, Missouri.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: May 11, 2020  
Jefferson City, Missouri